Levi P. Rose, Appellant, *v.* David Hawley et al., Respondents.

Plaintiff, in 1848, conveyed to the town of Yonkers a tract of land in the village of Yonkers; by the terms of his deed the conveyance was upon the condition that a certain portion of said land should thereafter be and remain a part of a street named, and · never be used for any other purpose, and that the residue of the premises conveyed "shall forever hereafter remain public and open as a public highway, and that no house, building or other erection whatsoever, except a public monument, shall ever be built or erected or permitted upon the said land, or any part thereof." The village was not then, but was afterward incorporated, and subsequently was incorporated as a city, and vested with the rights of property of the town. (Chap. 331, Laws of 1855; chap. 866, Laws of 1872.) In an action of ejectment based on the ground of a breach of said conditions, evidence was given tending to show that the premises in question were, at the time of the conveyance, bounded by a building, which was afterward taken down and a new one erected, the wall of which encroached about sixteen inches upon said premises; the location of the line however was in dispute, and there was other evidence to the effect that there was no encroachment, and if any in fact existed, it did not appear it was with defendant's knowledge. It also appeared that an area on the south side

of said building further encroached about six feet upon said premises; that said area was covered by a sidewalk in which was a grating and a door covering a stairway, which, when open, is an obstruction, but when closed is, with the grating, flush with the sidewalk. It did not appear that the door had, by being left open, been an obstruction. *Held*, that while the purpose of the conditions was to preserve the use of the premises for a street or public highway, and anything erected upon them inconsistent with that use would be a violation thereof, it could not be assumed that what is usually or commonly permitted or required in streets of villages and cities came within the prohibition, and the construction of the area was not an erection upon the land within the meaning of the conditions, nor was it rendered so by use.

Also, *held*, that the city was not chargeable with notice of any encroachment of the wall of the building upon the premises, and, conceding it existed as, it was without permission or knowledge on the part of the city, it could not be held to be a breach of the condition; that to justify such a claim and thereby to defeat the title, it must appear that the encroachment was in some sense permitted by the city.

The ground upon which the title of a grantee may be defeated and a claim of forfeiture supported, as for breach of condition subsequent, must be substantial and clearly established.

*It seems,* the duty imposed upon the municipal authorities was that of diligence to protect the premises for the declared public use and against the prohibited invasion, and they were required to observe that of which reasonable diligence would advise them in that respect.

*It seems,* also, that a grantor of property for a specified public use, may subject the title to liability of forfeiture for breach of a condition expressed in his deed.

It appeared that plaintiff had observed the erection of the building, the wall of which it was claimed encroached on the reserved premises in 1857; that he knew when the wall was rebuilt in 1866, and protested, but never called the attention of defendant's board of trustees to the matter. *Held*, it could not be held as matter of law that he waived his right to assert by action the alleged breach.

(Argued January 23, 1890; decided February 25, 1890.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made July 1, 1887, which reversed a judgment in favor of plaintiff, entered upon a trial by the court without a jury, and granted a new trial.

This was an action of ejectment.

On December 30, 1848, the plaintiff, by a deed to the town of Yonkers in the county of Westchester, expressing a con-

sideration of $700, conveyed a parcel of land situate in the village of Yonkers bounded as follows: "Beginning at the easterly side of the old New York and Albany Post road at the south-west corner of the piazza of a new brick store belonging to said Levi P. Rose, and running thence along the southerly side of said brick store and of a brick wall attached to the same, south, sixty-two degrees and forty-five minutes east, sixty-three feet and four inches to a corner in said wall; thence still along said wall north, sixty-five degrees east, twenty feet to the most easterly corner of said wall; thence south, sixty-two degrees and forty-five minutes east, twelve feet and six inches to the westerly side of a new street known in the village of Yonkers by the name of Academy street; thence along the westerly side of said Academy street south, sixty-five degrees west, one hundred and three feet to the north-easterly side of another street known in the village of Yonkers by the name of Mechanic street; thence along the same north, eighteen degrees and thirty minutes west, twenty-nine feet to the aforesaid easterly side of the old New York and Albany Post road; and thence along the same north, twenty-six degrees east, forty-six feet to the place of beginning, containing eighty-four and 84-100 of an acre.  *  *  *  excepting and reserving, and this coveyance is upon the express condition that the strip of land forming part of the premises above described and being twelve feet and six inches in width and extending along the said Academy street shall hereafter be and remain a part of Academy street, and shall never be used for any other purpose whatsoever. And also that all the residue of the said land hereby. conveyed shall forever hereafter remain public and open as a public highway, and that no house, building or other erection whatsoever except a public monument shall ever be built or erected or permitted upon the said land or upon any part thereof."

The defendant Hawley afterwards became the owner of the premises adjoining on the north the land so conveyed. And the village of Yonkers was incorporated as a city.

This is an action of ejectment brought to recover the pos-

session of the premises on the alleged ground of breach of the condition in the grant of the plaintiff to the town of Yonkers.

Further facts appear in the opinion.

*James M. Hunt* for appellant. The findings of fact made by the trial judge cannot be questioned, if the case contain any evidence to support the same. (Code Civ. Pro., §§ 1318, 1338; *Lewis* v. *Barton*, 106 N. Y. 70, 73; *Prosser* v. *T. First N. B.*, Id. 677; *R. L. R. Co.* v. *Roach*, 97 id. 378.) There is evidence to support each finding of fact made by the trial judge. (*Merrill* v. *C. C. Co.*, 114 N. Y. 216, 220; *Serviss* v. *McDonnell*, 107 id. 265; *Wellington* v. *Morey*, 90 id. 656; *Vose* v. *Cockroft*, 44 id. 422; *Delaney* v. *Brett*, 51 id. 78; *Cruger* v. *McLaury*, 41 id. 227; *Post* v. *Weil*, 115 id. 361, 376; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 id. 142.) The motions made at the trial to dismiss plaintiff's complaint and for a non-suit were properly denied. (*Moore* v. *Pitts*, 53 N. Y. 85, 89, 92; *Coleman* v. *Beach*, 97 id. 545, 553, 554; 1 R. S. 748, § 2; 3 id. 2205, § 2; *Child* v. *Chappell*, 9 N. Y. 246; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528, 567; *Smith* v. *Babcock*, 36 N. Y. 167, 168; *Hoag* v. *Hoay*, 35 id. 469; *Prevot* v. *Lawrence*, 51 id. 219, 222; *Hetzel* v. *Barber*, 69 id. 1, 15; *Whiting* v. *Edmunds*, 94 id. 309, 312, 313, 314; *Gray* v. *Blanchard*, 8 Pick. 284; *Jackson* v. *Crysler*, 1 John. Cas. 125; Shepherd's Touchstone, 117; *Lancy* v. *Ganong*, 9 N. Y. 24; *Tinkham* v. *E. R. Co.*, 53 Barb. 393; 2 Wash. on Real Property [3d ed.] 16; *Miller* v. *Platt*, 5 Duer, 272; *Ludlow* v. *N. Y. & H. R. R. Co.*, 12 Hun, 440, 446; Bigelow on Estoppel, 484; *N. Y. R. Co.*, v. *Rothery*, 107 N. Y. 310; *Uline* v. *N. Y. C. & H. R. R. R. Co.*; 101 id. 98; Code Civ. Pro. §§ 447, 1516, 1517; Old Code, § 118; *Mahady* v. *B. R. R. Co.*, 91 N. Y. 148; *Jacobson* v. *Andreas*, 7 Wend. 152; Laws of 1880, chap. 245; *Plumb* v. *Tubbs*, 41 N. Y. 442; *Mott* v. *Palmer*, 1 N. Y. 564, 569; *Canfield* v. *Ford*, 28 Barb. 336; R. S. chap. 13, § 2; Laws of 1883, 832; *Coster* v. *Peters*, 5 Robt. 192, 202;

*Vail* v. *L. I. R. R. Co.*, 106 N. Y. 283 ; *Atlantic Dock Co.*
v. *Leavitt*, 54 id. 35 ; *Spaulding* v. *Hallenbeck*, 35 id, 206 ;
*Maynard* v. *Maynard*, 4 Edw. Ch. 711, 716 ; *Jackson* v.
*Allen*, 3 Cow. 220 ; *Post* v. *Weil*, 8 Hun, 418 ; *Gilbert* v.
*Peteler*, 38 N. Y. 165, 168; *Craig* v. *Wells*, 11 id. 315, 320 ;
*Strong* v. *City of Brooklyn*, 68 id. 1–10 ; *Bradstreet* v. *Clarke*,
12 Wend. 602, 677 ; *Tyler* v. *Heidorn*, 46 Barb. 455–456 ;
48 N. Y. 671 ; 2 R. S. 304, §§ 25, 505 ; Taylor on Landl. &
Ten. 332; Roscoe on Penal Act. 497 ; *Coe* v. *Clay*, 5 Bing.
440 ; *Trull* v. *Granger*, 8 N. Y. 118; *Van Rensselaer* v. *Slin-
gerland*, 26 id. 587; Code Civ. Pro. chap. 4, §§ 362, 376 ; *Sturges*
v. *Parkhurst*, 18 J. & S. 306 ; *Rosseel* v. *Wickham*, 36 Barb.
386 ; *M. E. Church* v. *Brownwell*, 5 Hun, 466 ; *Miller* v.
*Platt*, 5 Duer, 272 ; *Woods* v. *Squires*, 1 Hun, 481 ; *Tyler* v.
*Heidorn*, 46 Barb. 439 ; 48 N. Y. 671 ; *Cagger* v. *Lansing*, 64
N. Y. 417, 430 ; *Van Rensselaer* v. *Barringer*, 39 id. 9, 15 ;
*Bedell* v. *Shaw*, 59 id. 46, 49 ; *Porter* v. *McGrath*, 9 J. & S.
104 ; *M. E. Ch.* v. *Brownell*, 5 Hun, 466 ; *Bliss* v. *Johnson*, 94
N. Y. 235, 242 ; *Kirk* v. *Smith*, 9 Wheat. 241, 288 ; 48 N. Y.
671; *Brantler* v. *Marshall*, 1 Caines, 394; *Burbank* v. *Wyckoff*,
67 N. Y. 130, 133 ; *S. V. F. O. Asylum* v. *City of Troy*,
76 id. 108, 114 ; *Pope* v. *Hanmer*, 74 id. 240, 245 ; Code
Civ. Pro. §§ 369, 371; *Hoppough* v. *Struble*, 60 N. Y. 430,
433; *French* v. *Carhart*, 1 id. 96 ; *Yates* v. *De Bogert*, 56
id. 527, 532 ; *Flora* v. *Carbeau*, 38 id. 111 ; *Abeel* v. *Von
Gelder*, 36 id. 513 ; *Wiklow* v. *Lane*, 37 Barb. 247, 249 ;
*Becker* v. *Van Valkenburgh*, 29 id. 322; *Jackson* v. *Andrews*, 7
Wend. 157, 158; *C. L. N. Co.* v. *K. N. Co.*, 37 Hun, 9, 12;
108 N. Y. 631; *Hasbrouck* v. *Burhans*, 42 Hun, 376, 380 ;
*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98, 111, 119 ;
*Everingham* v. *Vanderbilt*, 12 Hun, 75 ; *Dresser* v. *Jennings*,
3 Abb. Pr. 240 ; *Bradt* v. *Church*, 110 N. Y. 537; *Gorham*
v. *Innis*, 105 id. 87.) No error was made in the rulings of
the trial judge on the admission of evidence. (*Hebberd* v.
*Haughian*, 70 N. Y. 54, 59 ; *Murdock* v. *Gilchrist*, 52 id,
242, 247; *Tiemeyer* v. *Turnquest*, 85 id. 516, 523 ; *Quimby*
v. *Strauss*, 90 id. 664; 1 Greenl. on Ev. § 277; *Coleman*

v. *Man. B. I. Co.*, 94 N. Y. 229; *People ex rel.*, v. *Storms*, 97 N. Y. 364; *Quinn* v. *Lloyd*, 41 N. Y. 349, 355; *Miller* v. *Montgomery*, 78 id. 282, 286; *Pontius* v. *People*, 82 id. 339, 347; *Platner* v. *Platner*, 78 id. 90; *Merritt* v. *Campbell*, 79 id. 625; *Blumenthal* v. *Bloomingdale*, 100 N. Y. 558, 561; *Lewis* v. *Merritt*, 98 id. 206; *Simmons* v. *Havens*, 101 id. 427, 433; *Ham* v. *Van Orden*, 84 N. Y. 271; *Sandford* v. *Ellithorpe*, 95 id. 52; *Lerche* v. *Brasher*, 104 id. 163.) Plaintiff's motion to amend was properly denied. (Code Civ. Pro. § 723; *Price* v. *Brown*, 98 N. Y. 388; *Harris* v. *Tumbridge*, 83 id. 92, 97.) A reversal of this judgment by the General Term upon questions of fact would have been erroneous. (*Cox* v. *James*, 45 N. Y. 557, 560; *Perrine* v. *Hotchkiss*, 2 T. & C. 370, 374; 59 N. Y. 649; *Cornish* v. *Graff*, 36 Hun, 160, 162; *Spence* v. *Chambers*, 39 id. 193, 195; *Reese* v. *Boese*, 94 id. 623; *Porter* v. *Smith*, 107 id. 531; *Genet* v. *City of Brooklyn*, 22 N. Y. S. R. 713; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Lewis* v. *Barton*, 106 id. 70, 73; *Porter* v. *Smith*, 107 id. 531.)

*Theodore Fitch* for David Hawley and others, respondents. Neither Farrington Hall, erected in 1857, nor Radford building, erected on the same foundation in 1866, in any way encroached on the land conveyed by the plaintiff to the town of Yonkers. The findings of the court at the trial, to the effect that those buildings did so encroach, were errors for which the General Term judgment of reversal was proper. (*Mann* v. *Taylor*, 4 Jones [N. C.], 272; *Archibald* v. *Davis*, 5 id. 322; *Massey* v. *Billisle*, 2 Iredell, 177.) It is a familiar principle that less material and doubtful particulars in the description of a deed must be subordinate to those which are certain and material in giving effect to the intention of the parties, and that monuments control distances. (*Masten* v. *Olcott*, 101 N. Y. 155; *Brockman* v. *Kurzman*, 94 id. 272; 3 Washb. on Real Property, 403; *Jackson* v. *Clark*, 2 Johns. 217; *Buffalo, N. Y. & E. R. R. Co.* v. *Stiegler*, 61 N. Y. 348; *Robinson* v. *Kinne*, 70 id. 154.) If the plaintiff is right

in his claims of an encroachment it would not constitute a breach of the condition of his deed to the town of Yonkers. (*In re Tilden*, 98 N. Y. 434, 443; *McGriffin* v. *Cohoes*, 74 id. 387; *Hoffman* v. *Ætna Ins. Co.*, 32 id. 412; *Coffin* v. *Reynolds*, 37 id. 640; *Patten* v. *N. Y. & E. R. R. Co.*, 3 Abb. [N. C.] 313, 314; 3 Washb. on Real Prop. 6; *McKelway* v. *Seymour*, 5 Dutch. 322; 2 Wash. on Real Prop. [4th ed.] 8; *Blackstone Bank* v. *Davis*, 21 Pick. 42; Tudor's L. C. on Real Property, 860; *Brandon* v. *Robinson*, 18 Ves. 429; *Craig* v. *Wells*, 11 N. Y. 32; *Hill* v. *Priestly*, 52 id. 635; *Abbott* v. *Curran*, 98 id. 665; *Lyon* v. *Hersey*, 103 id. 264; *Vail* v. *L. I. R. R. Co.*, 106 id. 283; *Duryea* v. *Mayor, etc.*, 96 id. 477; *Bennett* v. *Culver*, 97 id. 250, 296; 1 R. S. 699, § 2.) The city of Yonkers cannot be said to have "permitted" the alleged encroachment within the meaning of the clause of the deed in question. (*Duryea* v. *Mayor, etc.*, 96 N. Y. 477; *St. Vincents' Hospital* v. *City of Troy*, 76 N. Y. 109.) The acts and omissions of the plaintiff constituted an acquiescence and waiver which amount to an estoppel of his alleged claim, and the finding of the court at the trial, that any forfeiture wrought had not been waived, was erroneous. (*Ludlow* v. *N. Y. & H. R. R. Co.*, 12 Barb. 440; *Cook* v. *St. Paul's Church*, 67 N. Y. 594; *Willard* v. *Henry*, 2 N. H. 120; 69 N. Y. 594; 2 Wash. on Real Prop. 12.) Plaintiff's rights accruing from a breach of the condition were absolutely barred by the Statute of Limitation, and the refusal of the court to find defendants' requests to that effect was error. (Code Civ. Pro. §§ 365, 367; Malone on Real Prop. 259; Wood on Lim. 354; Code, §§ 369–372, 415; *Foster* v. *H. E. Co.*, 9 Barb. 287; 3 Wash. on Real Prop. 144; Wood on Lim. 509; *Bradstreet* v. *Huntington*, 5 Pet. 402; *Porquarl* v. *Smith*, 6 Pick. 172; Angell on Lim. § 263; *Duryea* v. *Shafer*, 55 N. Y. 446; *Jackson* v. *Woodruff*, 1 Cow. 286; *Crary* v. *Goodman*, 22 N.Y. 175; *Bliss* v. *Johnson*, 94 id. 235; *Driggs* v. *Phillips*, 103 id. 77.) It was error for the trial court not to grant defendants' motion to dismiss the complaint, as it united in the same action different rights and causes of action

which could not properly be joined. (Code Civ. Pro. § 484; *Leroy* v. *Shaw*, 2 Duer, 626.) It was contrary to the statute to enter any judgment herein except for a dismissal of the complaint in favor of the defendant. (Code Civ. Pro. § 1518.) The findings of the court at Special Term, that the deed from Farrington to Radford, or the deed from Radford to Hawley, did not convey all the land formerly covered by Farrington Hall, or now covered by the Radford building, was untirely untenable. (3 Wash. on Real Prop. [4th ed.] 380. The court erred on the trial in permitting the plaintiff to give evidence in his own behalf as to a personal communication between witness and Farrington and Radford, from whom the defendant Hawley derives his title, and both of whom are dead. (Code. § 829; *Pope* v. *Allen*, 90 N. Y. 298.)

*Joseph F. Daly* for the city of Yonkers, respondent. Monuments always control courses and distances, because grants are supposed to be made with reference to an actual view of the premises. (*Wendell* v. *People*, 8 Wend. 183; *Jackson* v. *Freer*, 17 John. 29; *Martin* v. *Olcott*, 101 N. Y. 152; 3 Washb. on Real Prop. 407.) The sidewalks and areas are not breaches of the condition contained in the deed from plaintiff to the town of Yonkers. (3 Kent's Com. 432; *Lahr* v. *M. E. R. R. Co.*, 104 N. Y. 268, 292.) Plaintiff's remedy is barred by the Statute of Limitations. (*Tyler* v. *Heidorn*, 46 Barb. 439, 454; *Jackson* v. *Schoonmaker*, 4 Johns. 390, 399; *Jackson* v. *Cairns*, 20 id. 301, 306; *Grim* v. *Dyar*, 3 Duer, 354, 359; *Rowan* v. *Kelsey*, 18 Barb. 484, 488; *Randall* v. *Raab*, 2 Abb. Pr. 307, 313; Angell on Lim. § 369; *Driggs* v. *Phillips*, 103 N. Y. 77; *S. V. O. Asylum* v. *City of Troy*, 76 id. 114.) The Special Term erred in refusing to find "that the city of Yonkers never gave permission to the defendant Hawley, or to his grantors, or any other person, to erect upon the premises described in the deed of Rose to the town of Yonkers, any house, building, or erection of any kind whatsoever." (*Requa* v. *City of Rochester*, 45 N. Y. 129; *Hume* v. *Mayor, etc.*, 74 id. 276; *Todd* v. *City of Troy*, 61

id. 509; *Hart* v. *Brooklyn*, 36 Barb. 229.) Neither the town, village or city of Yonkers, nor the authorities of either of them, could, by any act or omission of theirs, give permission to obstruct the public highway, nor could any omission, or even express act, work a forfeiture of the land in question. (1 R. S. 337; *People* v. *Kerr*, 27 N. Y. 188; *S. V. O. Asylum* v. *Troy*, 76 id. 109; *Milhau* v. *Sharp*, 27 id. 611; *People* v. *Kerr*, 27 id. 188; 2 Dillon on Mun. Corp. 660.) The property being held by the city of Yonkers, not as proprietor of the land, but only in trust, for the use of the inhabitants in Yonkers and elsewhere, as a highway, the plaintiff cannot maintain an action for ejectment against the city of Yonkers, even if the court should find as a matter of fact that the condition contained in the deed was violated. (2 Dillon on Mun. Corp. 650, 653, 655, 664; *Child* v. *Chappell*, 9 N. Y. 246; *Cowenhoven* v. *Brooklyn*, 38 Barb. 9; *Strong* v. *City of Brooklyn*, 68 N. Y. 1.)

*Gratz Nathan* for William Radford, respondent. Radford acquired title to the property in question by the deed given to him by the sheriff. (*Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Towle* v. *Remsen*, 70 id. 303; *Payne* v. *Beal*, 4 Denio, 405; *Springstun* v. *Schermerhorn*, 12 Johns. 361; *Sheridan* v. *House*, 4 Abb. Ct. App. Dec. 218; *Smith* v. *Scholtz*, 68 N. Y. 41.)

Bradley, J. The nature and purpose of the conveyance by the plaintiff to the town of Yonkers were to devote the premises to the use of the public for a highway. In accepting the deed, the town assumed the duty of observing the trust. This duty was due to the public for whose benefit the conveyance was made, which, in practical effect, dedicated to it the easement protected by title in the town and guarded by the terms of the grant. The then unincorporated village was afterward incorporated (Laws of 1855, chap. 331), and later as a city (Laws of 1872, chap. 866), and vested in it were all rights of property, real and personal, of the village

or town of Yonkers. (Id. tit. II, § 2.) The city thereupon assumed the same relation to the plaintiff's conveyance that the town took by it. When the deed was accepted by the town the granted land became a highway, and the grantee could not, nor could its successor, lawfully appropriate it to any other purpose. They respectively held it in trust for such use. The power thus qualified arose from the restriction in the deed. And the effect is the same in that respect, whether such restriction be treated as a covenant or condition subsequent. The latter is not favored in law, and to support it as such it must, by the terms used and the apparent circumstances, clearly appear to have been so intended by the parties. (4 Kent's Com. 129; *Craig* v. *Wells*, 11 N. Y. 315; *Post* v. *Weil*, 115 id. 361.) There is no reason why a grantor in a conveyance of property for a specific public use, may not subject the title to liability to forfeiture for breach of a condition expressed in the deed. He has in the deed in question used apt words to express such right. It must, therefore, we think, have been the intent of the plaintiff to convey the title to the premises subject to be defeated by breach of the condition subsequent, if he elected in such event to exercise his right of forfeiture. He seeks to do so, and the question arises whether his action has the support of breach of the condition. At the time of the conveyance the premises in question were bounded on the north by a brick store erected by the plaintiff the year before, extending from the then New York and Albany Post road, now Broadway, west about fifty feet, and from its rear by a wall on the same line for some distance further. The plaintiff conveyed that store property to one Barry by deed bearing even date with that to the town, and afterward it was conveyed to one Farrington, who, in 1857, took down the store and erected upon that lot and land north of it, belonging to him, a building known as Farrington Hall. This building stood until in January, 1866, when it was burned down, except the north wall, and another one erected on the same ground by William Radford who had become the owner of it. This was known as Radford Hall.

The defendant Hawley afterward became the owner of the property.

The trial court found that the Radford hall encroached upon the premises conveyed to the town of Yonkers at the west end on Broadway one foot and thirty-seven-one-hundredths of a foot, and on the east end two inches. The length of that side of the building is sixty-four feet. The court also found that an area on the south side of the building further encroached upon the premises m question, in which is a stone stairway leading below, and that the south wall of the area is one and one-third foot thick, eight feet high and sixty-four feet·long; that around the area-way and about six feet from the south boundary of the building, from November, 1864, to January, 1882, an erection above the surface of the ground enclosed the area-way, and over it were gratings and a cellar-door, which when open was an obstruction. This area is below the surface of the ground, about eight feet deep and is four feet wide from the building to the wall, which is also substantially below the surface of the street; the gratings are flush with the walk, also the cellar-door when closed. And over the area is a regular sidewalk for footmen, for which purpose it is used. It is not inconveniently above the surface of the street for a sidewalk, nor does it appear that the door over the stairway below has, by being open, been any obstruction to the use of the sidewalk. That this area occupies land conveyed by the plaintiff to the town is not questioned. The requirement by the deed is that this land "shall forever · hereafter be and remain public and open as a public highway, and that no house, building or other erection whatever except a public monument shall be built or erected or permitted upon" it. This is to have a reasonable construction and will not be extended by inference. The purpose of it appears to have been to preserve the use of the premises for a highway or a public street, and anything erected upon them inconsistent with that use, would violate the apparent design. But it cannot be assumed that what is usually or commonly permitted or required in streets of villages or cities, came within the prohibitory provision of the deed. It would

not be reasonable to give it the effect to deny the erection of lamp-posts above, and the construction of sewers and the laying of water-pipes beneath the surface. Sidewalks are essentially within and part of a street or highway in villages and cities, and constitute one of its legitimate uses for the purpose of travel upon the street. The maintenance of the sidewalk is clearly no breach of the condition. It is, however, urged that the outer wall of the area is an erection upon the land in contravention of the provision of the deed. It is below the surface, and the sidewalk rests upon it. So far as relates to the support of the walk, it is not important whether it be eight feet or one foot in height from its base. It is true that the area was made to supply light to the basement of the building by means of the gratings in the walk, and thus it results beneficially to the occupant, but that does not render 'it, nor is it necessarily inconsistent for that reason with the use of the walk as part of the street. It was in view of the public convenience in the use of the premises as a street or highway, and to guard those rights in that respect that it must be assumed the condition was inserted in the conveyance. And any other use not inconsistent with such purpose, nor within the terms of the inhibition, is not necessarily denied to the grantee by it. (2 Wash. on Real Prop. 6; *Langdon* v. *Middagh*, 2 Alb. L. J. 70; *Broadway* v. *State*, 8 Blackf. 290; *Southard* v. *Central R. R. Co.*, 26 N. J. L. 13; *McKelway* v. *Seymour*, 29 id. 321.) The ground upon which may be defeated the title of a grantee, and which will support a claim for forfeiture as for breach of condition subsequent, must be substantial and clearly established. (*Chapin* v. *School Dist.*, 35 N. H. 445; *Hadley* v. *Hadley Mfg. Co.*, 4 Gray, 140.)

The construction of the wall of the area was not, nor was the area an erection upon the land within the meaning of the condition. Nor was it rendered so by the use of it. When the Farrington hall was erected in 1857, the area was first constructed. The streets there were then under the control of the constituted authorities of the village of Yonkers, as they also were when the hall was reconstructed by Radford in

1866. It may be assumed that this area was there with the permission or consent of the village. It is not uncommon when the legal title is held in trust for the public use, for municipal permission to be given to make like areas in streets of villages and cities adjacent to buildings where are needed sidewalks by which the areas are covered, and thus form no inconvenience or interruption to use by the public. The village and city of Yonkers were chargeable with notice of the condition in the plaintiff's deed, through which the public acquired the right to use this land as a street. And while it may be assumed that the municipal authorities were advised that this area extended into the land so conveyed, it is difficult to assume that they had notice that the halls erected in 1857 and 1866 encroached upon the land in question. The fact appears by the evidence, and was found by the court, that the Radford hall was erected on the same foundation as the Farrington hall. The question whether their south wall was to any extent south of the line, was a closely contested one by conflicting evidence. One witness who had lived there fifty years, a civil engineer, surveyor and architect, who made, early and later, many surveys there, testified that the south wall of the two halls was located in the same place as was the south wall of the plaintiff's store at the time of his conveyance to the town; that he was the architect who made the plan and specifications for the Farrington hall; that it was erected accordingly, and that the south wall was no further south than that of the plaintiff's store, which had been taken down for the purpose of erecting the hall on that and land adjoining on the north of it. And the party who had charge of the work of erecting that building testified that he did it according to the lines furnished him by the architect. It appears that before the brick store referred to, which the plaintiff had owned, was torn down, the north wall of a store further north was, to make it a party-wall, increased in thickness from eight to twelve inches, making the center line of the old wall the center line of the party-wall, which became the north wall of the Farrington hall. It continued to stand, and was made and still remains the north

wall of the Radford hall. The surveyor, before referred to, also testified that before the Rose store was torn down, and both before and after this north wall was increased in thickness, he made measurements from it to the south side of the Rose store; that prior to that increased thickness of the wall, the distance from its north side, south to the south side of the Rose store on the Broadway end, was forty-seven feet and two inches, and after it was made a party-wall the distance was two inches more. And that he has, since the erection of the Radford hall, made the measurement, and the distance is forty-seven feet four inches, the same as it was from the same point at the party-wall to the south side of the Rose store, or what is the same thing, the north line of the land in question. On the other hand, two civil engineers and surveyors appear to have made measurements from other points, having reference to descriptions in deeds, and the location of monuments in that locality, to the north-west corner and the north line as thus ascertained of the premises in question, and the result, to which they testify, is that the Radford hall encroaches at west end on Broadway about sixteen inches, and at the east end at or near Academy street, now Palisade avenue, two inches. This conflicting evidence is referred to in support of the suggestion before made, to the effect that it was not apparent that the village and city authorities had notice of the alleged encroachment; and that there was opportunity for much doubt upon the subject, further appears by the diverse views of the trial court and the General Term of the fact in that respect, as represented by the evidence; while the former found the fact with the plaintiff, the view of the General Term was that the weight of evidence was decidedly the other way.

The court made no finding on the question of knowledge or notice of the village or city of any encroachment of the building, and refused to find that the town, village or city never gave permission to the defendant Hawley or his grantors, or any other person, to erect upon the premises any building or other erection ; and exception was taken to such refusal. Motion was made to dismiss the complaint on that and the

further ground that neither the town, village or city of Yonkers was responsible for the encroachment, assuming it to be such, of the hall on the small portion of the land in question; and that it did not appear that either had any knowledge of such encroachment. Exception was taken to denial of the motion.

The deed is entitled to such construction as will carry into effect the intent of the parties so far as such intent can be collected from the whole instrument. (1 R. S., 748, § 2.) It evidently was designed that the reserved right of forfeiture should be dependent upon violation of the condition by the grantee or its successor charged with the trust, and for the purpose of preserving the rights of the parties the provisions of the deed must have a reasonable construction and effect. To justify the assertion of breach of the condition and thereby defeat the title, the violation of it must in some sense be permitted by the municipality. (*Indian Orchard Coal Co.* v. *Sikes*, 8 Gray, 562.) If a trespasser should suddenly place an erection on the premises before the city had a reasonable opportunity to prevent or remove it, the act would not constitute a breach, although its permitted continuance might. The duty imposed upon the municipal authorities was that of diligence to protect the premises for the declared public use, and against the prohibited invasion, and they were required to observe that of which reasonable diligence would advise them in that respect. The conclusion was not warranted by the evidence that the village or city had any notice that the Farrington hall or the Radford hall encroached to any extent upon the premises, which constituted part of the highway under its control, nor can it be said in view of what appears by the evidence that reasonable diligence on their part would have led to the information that it did. It was at least a very doubtful question of fact, and one which the municipal authorities, upon the conflicting information, if they had sought it from all the sources from which the evidence on the trial was derived, may reasonably have felt justified in not resorting to the courts for determination. It was at most a matter of much uncertainty, and so much so upon the evidence that no

one could tell what the result would be until announced. The municipal authorities were not chargeable with notice that the hall building extended south of the line of the old store lot, and, therefore, cannot be said to have permitted any encroachment of it upon the premises conveyed by the plaintiff to the town. This is put upon the ground that by the exercise of the diligence required of them, they would not, with any reasonable degree of certainty, have been able to ascertain or determine that there was any encroachment.

The matter was a controversy about the location of the line between the land in question and that lying north of it, with a difference in the dispute of sixteen inches at one end, tapering down to two inches at the other. This was a small strip. And it would hardly seem that the question whether or not there was an effectual breach of the condition was dependent upon the determination of that controversy. We think the evidence did not warrant the conclusion of any substantial breach of the condition ; that the court erred in refusing so to find as requested; and that the complaint should have been dismissed upon the grounds before mentioned, especially on the motion made at the close of the evidence.

It cannot be held as matter of law that the plaintiff waived his right to assert by action the alleged breach. He says that he observed when the Farrington hall was being erected in 1857, about twenty-nine years before the commencement of this action, that the south wall encroached upon the premises; that he knew when Radford was proceeding to erect his hall in 1866, more than twenty years before he brought this action, that its wall in like manner encroached, and that he protested. He was a trustee of the village in 1864 and 1865. He never called the attention of the board of trustees to the matter. If that had been done the village may have disposed of it during the life-time of the successive proprietors of the halls who erected them, perhaps with less difficulty than attended the litigation thirty years after. If it had appeared to the village that an encroachment was being made it would have been within its power and line of duty to stay it or cause its removal

by action, if necessary. Whatever consideration this lapse of time before the assertion of any claim of breach of condition may, in view of the circumstances, have permitted upon the question of fact, no question of law is raised upon it by the exception taken.

The view taken renders it unnecessary to give any consideration to the question of the statute of limitations.

The order should be affirmed and judgment absolute directed for the defendants.

All concur.

Order affirmed and judgment accordingly.