### HOLMES *a.* THE PEOPLE.

*Supreme Court, First District; General Term, June,* 1861.

FORGERY.—SUFFICIENCY OF INDICTMENT.

An indictment for forgery, which alleges that the defendant falsely made, forged, and counterfeited an instrument within the description of the statute, and in which the instrument so alleged to be forged, is set out *in verbis ipsis*, contains a sufficient description of the circumstances, within the statute.

So held, where the instrument was a deed, purporting to be signed by the defendant and his wife.

Writ of error to the New York General Sessions.

The plaintiff in error, John B. Holmes, was convicted of forgery in the first degree in the New York General Sessions of the Peace in November, 1857, and sentenced to imprisonment in the state-prison for fifteen years and six months. The prisoner sued out a writ of error in January, 1861. The indictment, omitting formal portions, was as follows:

"That John B. Holmes, late, &c., feloniously did falsely make, forge, and counterfeit, and cause and procure to be falsely made, forged, and counterfeited, and willingly act and assist in the false making, forging, and counterfeiting, a certain instrument for the conveyance of real estate, commonly called a deed for the conveyance of real estate, which said false, forged, and coun-

terfeited instrument for the conveyance of real estate is as follows, that is to say:

"This indenture, made the 21st day of July, in the year one thousand eight hundred and fifty-seven, between John B. Holmes and Ada, his wife, parties of the first part, and James P. Nagle, party of the second part, Witnesseth :"

[The indenture was a full warranty deed, including release of dower. The concluding portion of the deed was as follows :]

" In witness whereof, the parties to these presents have hereunto interchangeably set their hands and seals, the day and year first-above written. Sealed, and delivered in the presence of,—the words ' fee simple,' on the seventh line, being first erased with ink lines, and the words ' their own right,' being interlined above previous to the execution of this conveyance,—John Sturgeon, John B. Holmes [L. s.], Ada Holmes [L. s.]," "with intent to injure and defraud James P. Nagle, and divers other persons, to the jurors aforesaid unknown (the said real estate and premises in the said deed described therein, being situate in the said city of Albany), against the form of the statute in such case made and provided, and against the peace of the People of the State of New York, and their dignity."

*Second count.*—" That the said, &c., feloniously and falsely did utter and publish, as true, with intent to injure and defraud the said James P. Nagle, and divers other persons, to the jurors aforesaid unknown, a certain false, forged, and counterfeited instrument for the conveyance of real estate, commonly called a deed of real estate, which said last-mentioned forged and counterfeited instrument is as follows, that is to say :"

[The same deed in full.]

" The said John B. Holmes, at the said time he so uttered and published the said last-mentioned false, forged, and counterfeited instrument as aforesaid, then and there, well knowing the same to be false, forged, counterfeited (the said real estate and premises in the said deed described, being then situated in the said city of Albany), against," &c.

*Truman Smith*, for the plaintiff in error.—I. It appears that there could have been no forgery of this deed, so far as the name of John B. Holmes is concerned. The only plausible ground for supporting this indictment must be based on the

suggestion that the appellant was in it charged with having forged the name of Ada, his wife, by attaching it to this deed, to the end that the same might purport to extinguish her right of dower, with intent to injure and defraud Mr. Nagle, the grantee. To a proper appreciation of this subject, the following considerations are material: 1. It is nowhere alleged in this indictment that the supposed deed purported to be the act of Ada, the wife of the appellant. 2. It is true that the indictment, after alleging in general terms that the accused had feloniously made, forged, and counterfeited a certain instrument for the conveyance of real estate, proceeds to recite such instrument *in totidem verbis*. Nor is there any apparent execution by Mrs. Holmes. The court cannot judicially attach any significance to the letters L. S. appended to the names of Mr. and Mrs. Holmes. The instrument as set forth, just as much purports to have been executed by John Sturgeon as by Ada Holmes. She may have subscribed as a witness, or such may be the purport of the instrument. 3. Nor is the difficulty obviated by the decision of the Supreme Court in the People *a.* Rynders (12 *Wend.*, 425); for the court in that case put their decision expressly on the ground " that it was shown" in the indictment " that the forgery was of an instrument in writing, and that it was, or purported to be, the act of another." There, the court justly concluded that " enough is stated to show the precise nature of the offence with which the defendant is charged." But not so here. 4. Nor can the indictment be supported on the ground merely of a general allegation of forgery of some deed for the conveyance of real estate purporting to be the act of some one not named; for the party accused is entitled to fulness and certainty of averment in respect to the facts and circumstances constituting the supposed offence. This precision is indispensable to enable the court to render judgment for the specific punishment which the law attaches to the crime. (Briggs *a.* People, 8 *Barb.*, 547.)

II. But if it is to be assumed that this deed purported to be the act of Ada, the wife of the appellant, then we say the indictment is bad, for the reason that it is not averred in the same, nor does it appear anywhere in the record, that such deed purported to have been so executed by her as to transfer, convey, or in any way charge or affect such right or interest as

she may have had in the property named. When a married woman joins with her husband in executing a deed conveying real estate, the legal presumption is she does so merely to release her dower. To the validity of the deed of a married woman, the statute makes an acknowledgment indispensable. The language of the act is: "Nor shall any estate of any such married woman pass by any conveyance not so acknowledged." (2 *Rev. Stat.*, 758, § 10.) The invalidity here provided for has been repeatedly recognized and established by the courts of this State. (Jackson *a.* Stevens, 16 *Johns.*, 110 ; Jackson *a.* Cairns, 20 *Ib.*, 301 ; Dennis *a.* Tarpenny, 20 *Barb.*, 371 ; Elwood *a.* Klock, 13 *Ib.*, 50 ; Knowles *a.* McCarnly, 10 *Paige*, 342.) It is well settled that the only available evidence of such acknowledgment is a certificate of the fact indorsed on the deed, and signed by the proper authority. It cannot be proved by parol. (2 *Rev. Stat.*, 759, § 15 ; Elwood *a.* Klock, 13 *Barb.*, 50.) The land in this case is situated in this State, the appellant is described as being late of the city and county of New York. Domicil once acquired, is presumed to continue till the contrary be shown. (1 *Am. Lead. Cas.*, 558 ; Story's *Conf. Laws*, 54.) The domicil of the wife is that of her husband. (See, also, Pennsylvania *a.* Ravinel, 21 *How. U. S.*, 103.) Mrs. Holmes' right of dower, the husband living, is not real estate, but a right in action. (Elwood *a.* Klock, 13 *Barb.*, 50, 56.) It would be even worse for this indictment to assume that the case is open to the presumption, that Holmes and wife were jointly seized in fee or otherwise, for then the deed would not convey even his interest : it would be void in toto. (2 *Bl. Com.*, 183 ; *Co. Litt.*, 187 ; 2 *Ver.*, 120 ; Torrey *a.* Torrey, 14 *N. Y.*, 430 ; Jackson *a.* Stevens, 16 *Johns.*, 110 ; Sutliff *a.* Forgey, 1 *Cow.*, 89 ; Rogers *a.* Benson, 5 *Johns. Ch.*, 431.) There is no pretence for saying that an instrument like this, purporting to have been signed by both husband and wife, and unacknowledged by the latter, is valid under and by virtue of the acts of 1848 and 1849, empowering her to convey and devise the real and personal property which she holds to her sole and separate use, "in the same manner and with like effect as if she were a *feme sole.*" (Albany Fire Ins. Co. *a.* Bay, 4 *N. Y.*, 9 ; Yale *a.* Dederer, 18 *Ib.*, 265, 270.)

III. The indictment in this case alleges that the act of Holmes

was done "with intent to injure and defraud James P. Nagle, and divers other persons to the jurors unknown," and the act itself makes such an intent indispensable,—without it there is no crime. How can it be said that the accused intended to defraud by making or using an instrument which was perfectly good, so far as it purported to be any thing? If it purports to bear the signature of Holmes, then, as to him, it was valid; if of Mrs. Holmes, as to her, it was null.

IV. Nor are the objections to this indictment defects or imperfections in matter of form, "not tending to the prejudice of the defendant." To refer all the glaring defects and imperfections of this indictment to "matters of form," and to consider them cured by this Statute of Jeofails, would abolish all distinction between substance and form, and make every thing in the shape of an indictment good, no matter how serious or gross its sins of commission or omission may be. 1. The statute makes no distinction between objections to an indictment taken on demurrer, and those taken on motion in arrest after verdict. 2. The defects or imperfections which the statute provides shall not avail the defendant, are expressly limited to those of "form." 3. But even as to "matters of mere form," it is required to render them unobjectionable that they should "not tend to prejudice the defendant;" and here we inquire, Is the statute to be so construed as to make this qualification a nullity? And if not, On whom does the burden of proof fall? 4. It is submitted that a mere tendency to prejudice is sufficient to make any formal defect fatal. 5. This court has distinctly recognized the fact, that they have in some cases permitted such a use to be made of this Statute of Jeofails in sustaining objectionable indictments as to carry the act in its effect and operation far beyond what could have been contemplated by the Legislature. (People *a*. Tredway, 3 *Barb.*, 470.) If this instrument, as set out in the indictment, purported to have been signed at all, it is certain that on its face it appeared, or rather purported to be, the act of Mr. Holmes; and as to Mrs. Holmes, it purported to be of no more value than a blank piece of paper. As to the former, it was valid; and as to the latter, a glaring nullity, and there could have been no forgery in the case. (People *a*. Allen, 5 *Den.*, 76; People *a*. Rynders, 12 *Wend.*, 425; Biggs *a*. People, 8 *Barb.*, 547; People *a*. Powers, 6 *N. Y.*, 50.)

*Samuel B. Garvin,* for the People.—I. The indictment was good.

II. If it was defective, it was competent for the court to permit the remedy of proof. If the indictment gave the defendant intelligible notice of the charge against him, that is sufficient. All defects beyond this are settled by the verdict and judgment.

III. There having been a trial and conviction and sentence, the court can only look into the record itself for error. All questions of variance, rulings upon evidence, and all other objections, except such as appear upon the face of the record, are cured by the verdict. At most, it is a mere question of variance, which cannot, of course, be raised in any way except by case or bill of exceptions. This statute applies as well to judgments as to indictments.

IV. In all cases where judgments have been reversed by reason of imperfections in indictment, it has been on questions raised upon trial, or, if otherwise presented, where the court saw that no averment or proof could have remedied such defects. .

V. After verdict, all intendments and presumptions are in favor of judgment, and the court will presume that all the facts were proved to make out the case of crime charged. And it will be presumed that those facts were proved at the trial, without proof of which the verdict could not have been found.

By THE COURT.\*—MULLIN, J.—The only question that can be discussed on the writ of error in this case is, whether an offence is charged in the indictment for which the term of imprisonment imposed on the prisoner in the state-prison could be imposed.

That the indictment does not conform to the precedents of indictments at common law, must be admitted. But this court, in People *a.* Rynders (12 *Wend.*, 425), held that in an indictment for forging a check, it was not necessary to allege that it was an instrument in writing, being or purporting to be the act of another, by which a pecuniary obligation is or purports to be created, or by which rights or property are or purport to be

---

\* Present, INGRAHAM, P. J., GOULD and MULLIN, JJ.

transferred, &c. The want of these allegations is one of the principal objections to this indictment, and we must hold it, therefore, valid without them.

Chief-justice Savage, in delivering the opinion of the court in that case, says, in substance, that in any indictment for forgery, which alleges that the defendant falsely made, forged, and counterfeited an instrument within the description of the statute, and in which the instrument so alleged to be forged is set out *in hæc verba*, is a sufficient description of the circumstances within the statute.

This being the law, this indictment is sufficient.

The first count charges the defendant with forging the deed. He is one of the grantors. If the forging thus charged means affixing to it the name of the pretended grantor, it would be difficult to see how the party could forge his own deed.

The only offence he could commit, touching the execution of the deed, would be by affixing the name of the wife. If the indictment is sufficient in form, the particular way or manner in which the forgery was committed was the subject of proof; and as the testimony is not before us, we must presume that such was the crime proved.

The judgment must be affirmed.

---

## PURDY *a.* PETERS.

*Supreme Court, First District; At Chambers, May,* 1862.

RIGHT OF UNSUCCESSFUL PARTY TO HAVE JUDGMENT ENTERED.— FEES OF CLERK.

A party desiring to appeal to the Court of Appeals from a decision by the general term, is entitled to have the successful party enter, or cause to be entered, formal judgment upon the decision.

The clerk is bound to perform any service lawfully required of him, on being paid his fee therefor.

But he cannot insist that, before performing a service required of him, he shall be paid the fees for some previous service, for which he has given credit.