(35 Misc. Rep. 177.)

## PEOPLE v. HERTZ.

(Court of General Sessions, New York County.   May, 1901.)

FORGERY—INDICTMENT.

> An indictment for forgery, after sufficiently charging the forgery and the utterance, described the instrument forged "in substance as follows, that is to say: 'New York, ———, 1900. The C. N. Bank: Pay to L., or order, forty-one $^{78}/_{100}$. $41 $^{78}/_{100}$. S., S. & Co.,'—a more particular description whereof is to the grand jury aforesaid unknown." *Held* sufficient, as containing a plain statement of the act and the instrument.

Sigismund Hertz was indicted for forgery. Demurrer to indictment overruled.

Levy & Unger, for demurrer.
Eugene A. Philbin, Dist. Atty., for the People.

GOFF, Recorder. The indictment is demurred to on the ground that it does not state facts sufficient to constitute a crime. What are the facts stated? In the first count, (1) that on the 7th day of December, 1900, defendant, with intent to defraud, (2) feloniously forged a certain writing (which is described). In the second count, (1) that defendant, with intent to defraud, (2) feloniously uttered the forged instrument set forth in the first count, (3) knowing the same to be forged. The two allegations of fact charging forgery in the first count, or the three allegations of fact charging uttering in the second count, are in either case sufficient to constitute a crime, unless the description of the forged instrument is so indefinite and uncertain as to leave in doubt the question of law, is the false writing described susceptible of forgery? The point of the demurrer lies in the criticism of this description, which reads:

"Which said forged instrument and writing, in substance, is as follows, that is to say: 'New York, ———, 1900. The Chemical National Bank: Pay to Samuel W. Levey, or order, forty-one $^{78}/_{100}$. $41 $^{78}/_{100}$. Stiefel. Sachs & Company,'—a more particular description whereof is to the grand jury aforesaid unknown."

It is contended that in this description the forged instrument (1) is not set forth according to its tenor; (2) that it is pleaded in substance; (3) that being so, there is not sufficient averment in excuse for so pleading it.

The rules of pleading at common law are invoked to sustain this contention. These rules, as far as applicable, may be briefly summarized: First. That, if the forged writing be in the possession of the prosecutor, it must be set forth in the indictment according to its tenor, in words and figures. Second. That if the writing be lost or destroyed, or in the possession of the defendant, it will be sufficient to plead its substance and effect. Third. In such case the disabling cause must be pleaded as an excuse for not setting forth the instrument in exact words and figures. 1 Bish. Cr. Proc. § 561; 2 Bish. Cr. Proc. §§ 403, 404; 1 Whart. Cr. Law (8th Ed.) §§ 167–176; 2 Wat. Archb. Cr. Pl. & Prac. 801; Heard, Cr. Pl. 202–204.

Applying the test of these rules to the indictment: Its aver-

ment is, "which said forged instrument and writing in substance is as follows, that is to say," and then the instrument is set forth in words and figures. The pleader professes to plead the substance, while in fact he pleads the tenor, of the instrument. Eliminate the words, "in substance," and the averment will read, "which said forged instrument and writing is as follows," etc. If this were the form of expression, it could not be held obnoxious to the first rule cited; for it sets forth the tenor of the instrument in words and figures. Do the qualifying words "in substance" impair the force of particulars?

But it is claimed that the pleader, professing to give the substance of the instrument, is bound to plead the excuse for not giving its tenor, and that the subsequent statement, "a more particular description whereof is to the grand jury unknown," is wholly insufficient as an excuse. This undoubtedly would be true if the substance of the instrument was in fact pleaded, but when its tenor is pleaded, which necessarily embraces the substance, it is not necessary to plead excuse for an omission which does not exist.

It is manifest that the insertion of the words, "in substance," is a redundancy, and in consequence that the subsequent statement, "a more particular description whereof is to the grand jury unknown," is surplusage. Whether, under the strict rules of common-law pleading, this redundancy and surplusage would render the indictment fatally defective, need not now be determined, since its sufficiency must be tested in the first instance by the rules of the Criminal Code. It is provided by section 273 of the Code that "hereafter the forms of pleading and the rules by which the sufficiency of pleadings is to be determined are those prescribed by this Code." These rules may be epitomized: First. That the indictment shall contain a plain and concise statement of the act constituting the crime, without unnecessary repetition. Section 275. Second. That it is sufficient if the act charged as the crime is plainly and concisely set forth. Section 284, subd. 6. Third. That the act charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction. Section 284, subd. 7. Fourth. That it cannot be affected by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Section 285. Fifth. That it is not rendered invalid by an error or mistake therein, unless it have actually prejudiced the defendant or tend to his prejudice in respect to a substantial right. Section 684. These rules were interpreted by Judge Earl in People v. Laurence, 137 N. Y. 521, 33 N. E. 548, where he says:

"Hence the technical rules, which in ancient times frequently served a useful purpose, have been greatly relaxed; indeed, almost entirely abrogated. By our Code of Criminal Procedure, all forms of pleadings in criminal actions before existing were abolished, and the sole requisite of an indictment, besides the formal parts, is that it shall contain 'a plain and concise statement of the act constituting the crime, without unnecessary repetition.'"

At common law it was required that in an indictment charging larceny of money it should be alleged that it was lawful money

of the realm. In People v. Spencer, 27 Misc. Rep. 494, 58 N. Y. Supp. 1129, the indictment charged defendant with the larceny of money, but did not allege that it was lawful money of the United States. The court, in sustaining the indictment, said:

"If it can be understood from the indictment that the act constituting the crime is plainly and concisely set forth, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case, the indictment is sufficient."

In Rosekrans v. People, 3 Hun, 287, the indictment was for forgery, and it contained these words, "is in writing and is in substance to the effect following, that is to say." On demurrer the indictment was held sufficient, as setting forth facts sufficient to constitute a crime, though the precise question was not discussed in the opinion. ·

In People v. Kingsley, 2 Cow. 522, 14 Am. Dec. 520, the indictment was for forgery of an instrument which was alleged to be in the possession of the defendant, and therefore could not be set forth according to its tenor. The court, while declaring the general rule to be "that the instrument forged must be set forth with particularity and certainty," held it not applicable to the present case, because "the indictment excuses the want of a more particular description by averring that the bond was with the defendant." Though this case was decided before the adoption of the Code, the rule enunciated was and is undoubtedly the law. The facts of the two cases differ. In the Kingsley Case the indictment alleged the substance only because the instrument was in the defendant's possession, while in the case at bar the indictment it is true says "in substance," but in fact sets forth a written instrument in words and figures.

The case of People v. Dumar, 106 N. Y. 502, 13 N. E. 325, is not an authority in point. There the indictment alleged one crime, while the evidence on the trial proved the commission of a different crime, and the court of appeals held the indictment insufficient to sustain the conviction upon the evidence, saying:

"The general principle of pleading has not been substantially changed. Under either system (code or common law), an offense consists of certain acts done, * * * and under neither is any indictment sufficient which does not accurately and clearly allege all the ingredients of which the offense is composed."

An essential of criminal pleading defined by the Code as "a plain and concise statement of the acts constituting the crime" was violated in the Dumar Case. Here the essential is preserved. The crime charged is forgery. "Forgery" is defined by the Penal Code (section 511) as "forging with intent to defraud, an instrument or writing being or purporting to be the act of another by which a pecuniary demand or obligation is or purports to or to have been created, increased, discharged or diminished." Blackstone defines "forgery" as the fraudulent making of a writing to the prejudice of another's rights. Does the indictment contain a plain and concise statement of the act constituting this crime? It charges that the defendant, with intent to defraud, feloniously forged an order pur-

porting to be drawn by Stiefel, Sachs & Company upon the Chemical Bank to pay $41 to Samuel W. Levey or order. There is nothing uncertain about this accusation. The defendant is fully apprised of the charge against him. The issues of fact to be tried are clearly defined. The defendant, if convicted, is protected against another prosecution for the same offense. His substantial rights are in no sense prejudiced, and the court is enabled to pronounce judgment according to the right of the case.

The precise question here was presented to the supreme court of Iowa in State v. Johnson, 26 Iowa, 407, 96 Am. Dec. 158, and in an elaborate opinion the court held that where an indictment for forgery alleged that the instrument "is of the purport and effect following," and then set forth a copy of the instrument, it was not vitiated by the insertion of the superfluous words, "is of the purport and effect following." I am therefore of opinion that the words, "in substance," and the words, "a more particular description whereof is to the grand jury unknown," may be rejected as redundancy and surplusage, respectively, without in any sense impairing the value of the pleading or prejudicing the rights of the defendant. People v. Laurence, 137 N. Y. 517, 33 N. E. 547; People v. Lowndes, 130 N. Y. 463, 29 N. E. 751; People v. Buddensieck, 5 N. Y. Cr. R. 69.

Demurrer disallowed.