(120 App. Div. 368)

## PEOPLE v. ALDERDICE.

(Supreme Court, Appellate Division, First Department.   June 28, 1907.)

1. FORGERY—INDICTMENT—SAME CRIME CHARGED IN DIFFERENT FORM—VALIDITY.

An indictment was not bad because in the five counts following the first it charged the same crime in different forms all based upon the same alleged forged deed.

2. SAME.

Under Code Cr. Proc. § 275, requiring an indictment to contain a plain and concise statement of the act constituting the crime, etc., an indictment charging that defendant "feloniously did forge a certain deed. * * * with intent to defraud," and setting the deed out in full, was sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Forgery, §§ 61–65.]

3. SAME—EVIDENCE ADMISSIBLE UNDER INDICTMENT.

Under a count charging that defendant, with intent to defraud, did feloniously utter, dispose of, and put off as true a certain forged deed purporting to be the act of another, by which certain interests in real property purported to be transferred, being the same instrument set forth in another count, to which reference was made, defendant well knowing the same to be forged, etc., it was proper to show that the deed was in fact forged, whether by defendant or another, and that the defendant uttered the same knowing it to be forgery and with intent to defraud; the indictment charging forgery in the first degree. .

4. SAME—FOLLOWING STATUTE.

An indictment closely conforming to the language of a statute defining forgery in the first degree is good.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Forgery, §§ 61–65; vol. 27, Indictment and Information, §§ 289–294.]

5. CRIMINAL LAW—HEARSAY—TESTIMONY—ADMISSIBILITY.

In a trial for forging a deed, evidence that the person whose name had been forged told witness that she had given certain property to a relative of defendant was properly excluded as hearsay testimony, not tending to show the deed was not forged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 950, 972–983.]

6. SAME—DECLARATION AGAINST INTEREST.

In a trial for forging a deed, evidence that the person whose name had been forged told witness that she had given certain property to a relative of defendant was- not admissible as a declaration against interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 950, 972–983.]

7. FORGERY—EVIDENCE—SUFFICIENCY.

Evidence in a trial for forgery held to show defendant uttered the alleged forged deed.

Appeal from Special Term, New York County.

James S. Alderdice appeals from a conviction of forgery in the first degree.   Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Frank Moss, Isidor Weis, and Charles E. Le Barbier, for appellant. E. Crosby Kindleberger, for respondent.

LAMBERT, J. The defendant was charged in the indictment with the crime of forgery in the first degree. The crime was alleged to have been committed on the 21st day of November, 1903, the indictment alleging that, "with intent to defraud," the defendant "feloniously did forge a certain deed and indenture of conveyance, purporting to be the act of one Mary J. Oliver, by which certain rights and interests in real property purported to be transferred, conveyed, charged, and affected"; and the indictment then sets out the deed in full. In five subsequent counts the indictment charges the same crime in different forms, all based upon the same alleged forged deed, and there is no doubt of the authority for such an indictment. People v. Adler, 140 N. Y. 331, 35 N. E. 644. The defendant urges, however, that the indictment is fatally defective, in that it does not allege the facts constituting the crime; his contention appearing to be that it is necessary to a good indictment that it should charge the commission of the particular act constituting the forgery, as, for instance, that the deed in question was forged by the defendant by subscribing the name of Mary L. Oliver to the same without her authority, or by falsely and fraudulently signing the name of the person who is alleged to have taken the acknowledgment. We are of the opinion, however, that this is not required by the provisions of section 275 of the Code of Criminal Procedure. The requirement of the Code is that the indictment shall contain a "plain and concise statement of the act constituting the crime, without unnecessary repetition," and when the indictment charges that the defendant "feloniously did forge a certain deed," and that this was done "with intent to defraud," and then sets out the deed in full, it is a sufficient compliance with the statute. Rosekrans v. People, 3 Hun, 288; People v. Dewey, 35 Hun, 311; People v. Hertz, 35 Misc. Rep. 177, 71 N. Y. Supp. 489; People v. Clements, 26 N. Y. 193. In the latter case it was held that a certified check on a bank is an instrument which, as an entirety, comes within the statute of forgery, and that where evidence, received without objection, shows that any material part of it was forged, e. g., the certificate, it is immaterial that the indictment does not specify that the forgery was of the certification, and not of the check itself.

In the case now before us the second count of the indictment charges the defendant, "with intent to defraud, did feloniously utter, dispose of, and put off as true a certain forged deed and indenture of conveyance purporting to be the act of one Mary J. Oliver, by which certain rights and interest in real property purported to be transferred, conveyed, charged, and affected, being the same forged instrument and writing set forth in the first count of this indictment, to which reference is hereby made; the said James S. Alderdice then and there well knowing the same to be forged, against the form of the statute in such case made and provided," etc. Obviously under this count it was competent to show that the deed was in fact a forged deed, whether the forgery was committed by the defendant or another, and that the defendant uttered the same knowing it to be a forgery and with intent to defraud, and the indictment charged all of the facts necessary to constitute the crime of forgery in the first degree. The facts established by the evidence showed the defendant to have uttered the

forged deed, and, the indictment being sufficient, there is no merit to his contention that he has been denied all the protection which it was the design of the law to afford one accused of crime. Moreover, the indictment in each of its several counts closely conforms to the language of the statute defining the crime of forgery in the first degree, and a long line of cases hold that such an indictment is good. People v. Herlihy, 66 App. Div. 540, 73 N. Y. Supp. 236; People v. Adams, 85 App. Div. 393, 83 N. Y. Supp. 481, 176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675; People v. Williams, 149 N. Y. 1, 43 N. E. 407.

Section 542 of the Code of Criminal Procedure provides that, after "hearing the appeal, the court must give judgment, without regard to technical errors or defects or exceptions which do not affect to substantial rights of the parties," and, tried by this standard, we find no reversible error in this case. The effort of the defendant to prove by Louisa Heine that Mrs. Oliver had told the witness that she had given certain property to Miss Alderdice was an offer of hearsay testimony, and it was not a declaration against interest, for if she had parted with the ownership of the property she had no interest which could be affected, and the alleged declaration was mere hearsay evidence, which did not tend to prove that the instrument was not forged. Beyond this, it is quite clear that the witness was not intending to testify as to the property involved in Exhibit A, on which the indictment rested, but related to other property owned by Mrs. Oliver. It does not appear that the property talked about was covered by the other deeds alleged to have been forged, but which were in the case merely as showing the criminal tendency of the defendant. This would not tend to show that the deed set out as Exhibit A was not forged, and this was the material issue in the case.

The exception taken to the refusal of the court to dismiss or advise the jury to acquit the defendant at the close of the evidence, on the ground there was not any proof of uttering the alleged forged deed by the defendant, cannot be sustained. If the state of the proof justified the position taken at the trial and much argued on this appeal, it would of course be fatal to this judgment; but it appeared by the cross-examination that the deed was prepared in his law office and presumably under his directions, and that after its execution it was placed on record through his efforts and directions, or very soon after the death of the grantor, and after the defendant was advised that trouble would result from the transaction. The record is replete with circumstances indicating that the defendant was the active agent in bringing into being the instrument declared by the jury to be a forgery.

The remaining exceptions urged are largely based upon the theory that the defendant was entitled to have presented, if any, a different indictment from that which was found; that evidence which went to the support of the various counts was not properly massed against him in the general verdict. But it seems clear that, as the indictment conformed to all the requirements of the law, it was proper to introduce evidence to establish all the facts necessary to constitute the crime of forgery in the first degree under any or all of the counts, and that

there is no tangible objection to the methods employed upon this trial.
The evidence, independent of all the objections and exceptions, is suf-
ficient to establish beyond a reasonable doubt the crime charged, and,
as we find no error which prejudiced any substantial right of the de-
fendant, we reach the conclusion that the judgment appealed from
should be affirmed.   All concur.