(56 Misc. Rep. 1)

## PEOPLE v. SMITH.

(Supreme Court, Trial Term, New York County. September 2, 1907.)

1. HOMICIDE—CRIMINAL NEGLIGENCE—MALPERFORMANCE OF DUTY.
   To render one criminally responsible for the fatal consequences of the malperformance or nonperformance of duty, the duty must have been a plain one which he was bound by law or contract to perform personally.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 102.]

2. SAME—MANSLAUGHTER—DANGEROUS MACHINERY—RAILROADS — INDICTMENT —SUFFICIENCY.
   Code Cr. Proc. § 275, requires an indictment to contain a plain and concise statement of the acts constituting the crime. Pen. Code, § 195, provides that a person who, by negligence or misconduct in a business in which he is engaged, or in the use of any machinery or property intrusted to his care, etc., occasions the death of a human being, is guilty of manslaughter in the second degree. An indictment charged that defendant was the general manager of a certain railroad corporation, and as such had charge of the maintenance of the tracks thereof, the operation of its trains, and the employment and instruction of its engineers; that defendant omitted to use proper measures to prevent excessive speed at a certain curve in the line of the road; that he placed one of the trains in control of an inexperienced engineer not competent to run it in safety around the curve; that by reason of defendants' negligence the train was run around the curve at a dangerous speed, left the rails, and was wrecked, thereby causing the death of one H., a passenger. *Held*, that the indictment was sufficient.

3. SAME.
   The indictment sufficiently alleged that the death therein described was the immediate and direct consequence of defendant's acts and omissions.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 228.]

Alfred H. Smith was indicted for manslaughter and demurs to the indictment. Demurrer overruled.

Nicoll, Knable & Lindsay (De Lancey Nicoll and·John D. Lindsay, of counsel), for the demurrer.

William Travers Jerome (Nathan H. Smyth, of counsel), opposed.

GIEGERICH, J. The indictment sets forth that on February 16, 1907, the New York Central & Hudson River Railroad Company was a corporation duly authorized to operate a railroad for transporting passengers, and that at a certain point on its track there was a curve, "along and upon which said line of railroad and around which said curve the said corporation did then and there operate and cause to run a certain train of railroad cars drawn by two certain locomotive engines propelled by electricity and governed and controlled by an employé of the said corporation known as a locomotive engineer." Also, that on the day named the defendant was vice president and general manager of the corporation, "and as such officer and general manager had charge of and control over the maintenance of tracks and roadbed of the said corporation along the said line of railroad there, and the operation of all trains along and over the said line of railroad there, and the operation of the train of railroad cars drawn by the two locomotive engines aforesaid, and the employment and instruction of the locomotive engineers of all locomotives, drawing all such trains, and of the engineer governing and controlling the locomotive of the train aforesaid." "And it was then and there the duty of the said Alfred H. Smith, as such officer and general manager, as aforesaid, thus in charge of and control over the operation of the said train, as aforesaid, and the employment and instruction of the said locomotive engineers, as aforesaid, to ascertain and know at what speed it was safe for the said train to pass along the said line of railroad and around the said curve, and to use and exercise and cause to be used and exercised all proper, reasonable, and effective measures and all means within his power to prevent said train from passing along the said line of railroad and around the said curve at a speed faster than was safe for the said train to so pass, and to place the said train under the government and control of a locomotive engineer properly trained and experienced and competent to run the said train with safety along the said line of railroad and around the said curve." But that the defendant, knowing the facts and his duty, as aforesaid, wholly omitted to ascertain at what speed it was safe for the train to pass around the curve, and placed the train under the control of a locomotive engineer not properly trained and not experienced and not competent to run the train with safety around said curve. It is further alleged that by reason of the culpable negligence of the defendant the train was run at a dangerous speed and left the rails and was wrecked, thereby causing the death of one Clara L. Hudson, a passenger. The indictment is demurred to, and various defects are claimed to exist in the same. Upon the general propositions of law there seems to be no dispute; the controversy being upon the application of the principles. It is recognized by both sides that, to render one responsible for the fatal consequences of the malperformance or nonperformance of duty, the duty must have been a plain one which he was bound by law or contract to perform personally. Wharton on Homicide (3d Ed.) § 447 et seq.; United States v. Knowles, 4 Sawy. (U. S.) 517, Fed. Cas. No. 15,540; Rex v. Allen, 7 Carr. & P. 153; Regina v. Pocock, 5 Cox, C. C. 172; Regina v. Haines, 2 Carr. & K. 368; Thomas v. People, 2 Colo. App. 513, 31 Pac. 349; Ainsworth v. Unit-

ed States, 1 App. D. C. 518.    The indictment rests upon section 195 of the Penal Code, which is as follows:

"Section 195. Negligent Use of Machinery.—A person who, by any act of negligence or misconduct in a business or employment in which he is engaged, or in the use or management of any machinery, animals or property of any kind intrusted to his care or under his control, or by any unlawful, negligent or reckless act, not specified by or coming within the foregoing provisions of this chapter or the provisions of some other statute, occasions the death of a human being, is guilty of manslaughter in the second degree"—which section, it is agreed, is not a new statutory enactment, but is simply a codification of the common-law rule on the subject.

The leading argument advanced in support of the demurrer is that there is a failure to allege that the defendant omitted any personal duty imposed on him by law or contract, or that he personally committed any negligent act.    In this I cannot agree.    That the control of the train and selection of the engineer fell within the province of the defendant's duty is sufficiently alleged, as is shown by the portions of the indictment above quoted.    It is also alleged that he wholly omitted to use any proper, reasonable, or effective measures, or to cause to be used any of the means within his power to prevent excessive and unsafe speed.    Such omission was clearly the neglect of a personal act of management which, by the nature of his duties, was incumbent upon him to perform.    So, too, the allegation that he placed the train in the control of an untrained and inexperienced engineer not competent to run it with safety around the curve in question is an allegation of a personal act of negligence on his part.    I am asked to take judicial notice of the obligations imposed upon the defendant as general manager of the great railway system of which he was in charge, and of the fact that by reason of their magnitude the defendant could not have been charged with the personal performance of the duties the indictment alleges were imposed upon him.    It is said that the court should not entertain the idea that it is ever one's personal duty to do that which is impossible for him to do personally.    It is enough on this point to say that no such case is presented.

It was not only possible for the defendant personally to cause proper measures to be taken for ascertaining what was a safe rate of speed around the curve in question, and for providing proper regulations against running trains in excess of such speed and for procuring trained and competent engineers; but it is manifest that in any properly conducted system of railroad administration such personal duty must have rested upon some one.    Duties of supervision and management are just as much personal as are the manual duties of the least skilled employé of the road.    If this particular duty, which the indictment avers was the defendant's, in fact belonged to some other officer of coordinate rank, or had been intrusted by the defendant to some carefully chosen and competent subordinate, so as to relieve him from further personal responsibility, these are facts that can be shown at the trial; but for the present purposes the allegations of the indictment must be taken as verities, and those allegations are that it was a part of the defendant's employment to perform the acts of supervision and man-

agement specified, which he in part failed to perform and in other respects improperly performed.

That the death described in the indictment was a direct and immediate consequence of such acts and omissions is also sufficiently alleged. It may be, as the learned counsel for the defendant argue, that, however incompetent the engineer, he might still have known at what rate of speed it was safe to pass around the curve, and have been able to control the speed of the train, and that it was his negligence in not so doing that was the proximate cause of the disaster. It is conceivable that such was the state of facts; but it would not be a fair construction of the language of the indictment to say that it is silent on this point, or that it does not by fair intendment allege the contrary. It is alleged that the defendant failed to ascertain what was a safe rate of speed around the curve or to take any measures to prevent the train being run at a dangerous rate, and that he placed it in charge of an untrained, inexperienced, and incompetent engineer, by reason whereof the death described occurred. To assume that such untrained, inexperienced, and incompetent engineer knew something which the manager of the road had taken no measures to ascertain, and so knowing had, nevertheless, endangered his own and other lives by running the train at an unsafe speed, and to disregard the allegation that the disaster was due to the specified acts and omissions of the defendant, would not be giving a reasonable construction to the language used and would require too much of pleaders. All that the statute requires (section 275 of the Code of Criminal Procedure) is that the indictment shall contain a "plain and concise statement of the acts constituting the crime without unnecessary repetition." People v. Alderdice (Sup.) 105 N. Y. Supp. 395. That requirement, in my judgment, has been complied with by this indictment, which in many of its features is very like the one examined and approved by the Court of Appeals in People v. Buddensieck, 4 N. Y. Cr. R. 230.

The demurrer is therefore disallowed, with leave to defendant, at his election, to plead to the indictment at such time as shall be provided for in the order to be entered hereon on two days' notice of settlement, and in the event of his failure to do so a plea of not guilty will be entered, as provided by section 330 of the Code of Criminal Procedure.