## PEOPLE v. HOYT.

(Supreme Court, Appellate Division, Third Department.   June 28, 1911.)

1. FORGERY (§ 28*)—DEEDS—INDICTMENT.

Pen. Code, § 509, provides that a person is guilty of forgery in the first degree who, with intent to defraud, forges a deed or other instrument purporting to be the act of another, by which any right or interest in property is or purports to be transferred, conveyed, or in any way charged or effected. *Held* that, where an indictment charged the forgery of a deed, it was not demurrable for failure to allege the particular manner in which the forgery was committed, whether by pen, pencil, or printing or by falsely making or counterfeiting any of the various signatures, or altering, erasing, or piecing together parts of genuine instruments.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 66–76; Dec. Dig. § 28.*

For other definitions, see Words and Phrases, vol. 3, pp. 2900–2910; vol. 8, p. 7665.]

2. FORGERY (§ 26*)—INDICTMENT.

An allegation that accused feloniously forged an instrument prohibited by statute with intent to defraud was a sufficient allegation of the act constituting the crime.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. § 61; Dec. Dig. § 26.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. FORGERY (§ 29*)—INDICTMENT—NATURE OF INSTRUMENT.
    Where an instrument alleged to have been forged is set out in full
in the indictment, and comes as an entirety within the statute of forgery,
and appears on its face to be an instrument which, if genuine, would
be operative, it is unnecessary to allege what particular thing defend-
ant did to accomplish the forgery, but, if forgery is predicated on an
instrument not appearing on its face to be an instrument which if genu-
ine would be operative, extrinsic facts must be alleged showing that
it would be operative.
    [Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 77–81; Dec.
Dig. § 29.*]

4. FORGERY (§ 29*)—INDICTMENT—INTENT TO DEFRAUD.
    Under Pen. Code, § 718, subd. 5, and Pen. Law (Consol. Laws 1909,
c. 40) § 3, providing that, where an intent to defraud constitutes a part
of a crime, it is not necessary to aver or prove an intent to defraud
any particular person, an indictment for forging a deed was not defec-
tive for failure to allege the name of the person intended to be defraud-
ed or to whom the instrument was intended to be uttered.
    [Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 77–81; Dec.
Dig. § 29.*]

Appeal from Chenango County Court.

Charles A. Hoyt was indicted for forgery in the first degree, and,
from an order sustaining a demurrer to the indictment, the People
appeal. Reversed, and demurrer overruled.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON,
SEWELL, and BETTS, JJ.

James P. Hill, Dist. Atty., for the People.

Julien Scott, for respondent.

HOUGHTON, J. The defendant was indicted by the grand jury
of the county of Chenango for forgery in the first degree, and, on
arraignment, interposed a demurrer alleging various grounds of in-
sufficiency of the indictment, the principal ones of which were that
it did not state the unlawful act which the defendant was alleged to
have done constituting the crime of forgery in the first degree, nor
set forth whom he intended to defraud.

The indictment contains two counts. The first alleges that the de-
fendant committed the crime of forgery in the first degree, in that he
"with intent to defraud, unlawfully and feloniously did forge a certain
deed and indenture of conveyance purporting to be the act of one Sar-
ah J. Birdsall, by which certain rights and interests in real property
were purported to be transferred, conveyed, charged, and effected, and
by which said forged deed and indenture of conveyance the rights and
interests in certain real property in said deed described as hereinafter
set forth were purported to be transferred and conveyed to one Wil-
liam Ray Hawkins, which said forged instrument and signature is as
follows, that is to say." (Quoting the deed, signature, acknowledg-
ment, signature of the witness and notary in full.) The second count
alleges the commission of the same crime at a different town in the
county, in that the defendant, with intent to defraud, "did feloniously
utter, dispose of, and put off as true a certain forged deed and inden-
ture of conveyance purporting to be the act of one Sarah J. Birdsall by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which certain rights and interests in real property purported to be transferred, conveyed, charged, and effected, being the same forged instrument and writing set forth in the first count of this indictment, to which reference is hereby made, the said Charles A. Hoyt then and there well knowing the same to be forged."

The ground upon which the learned county judge came to the conclusion that these counts did not set forth the acts constituting the crime of forgery with sufficient particularity to constitute a good indictment was that forgery could be committed in various ways—by false making, or counterfeiting, or alteration, or erasure, or obliteration, or signing of the name of the alleged grantor, or a witness, or notary, or by piecing together, with intent to defraud, parts of genuine instruments—and because the crime could be committed in such different manner it was incumbent upon the people to allege in what way it was claimed the defendant committed the forgery, so that he might prepare his defense intelligently, and be protected from further prosecution for the same crime.

The entire deed is charged to have been forged, and is set forth in full in the indictment, and, if the defendant should be acquitted under the present indictment, such acquittal would clearly be a defense to any subsequent specific charge of forging any particular part of the instrument, and therefore there can be no question of the defendant being twice put in jeopardy for the same offense.

[1] The crime with which the defendant is sought to be charged is alleged to have been committed in 1905 when section 509 of the Penal Code was in force. That section provided as follows:

"A person is guilty of forgery in the first degree, who, with intent to defraud, forges: (1) A will or codicil of real or personal property, or the attestation thereof, or a deed or other instrument, being or purporting to be the act of another, by which any right or interest in property is or purports to be transferred, conveyed, or in any way charged or effected."

The indictment is in the precise form approved in People v. Alderdice, 120 App. Div. 368, 105 N. Y. Supp. 395, and the holding in that case is founded upon the decisions of Rosekrans v. People, 3 Hun, 288, People v. Dewey, 35 Hun, 311, People v. Hertz, 35 Misc. Rep. 177, 71 N. Y. Supp. 489, and People v. Clements, 26 N. Y. 193; and is sustained by the further authorities of People v. Rynders, 12 Wend. 425, Holmes v. People, 15 Abb. Prac. 154, and Paige v. People, 3 Abb. Dec. 439.

It is conceded that the indictment is in proper form if the rule laid down in People v. Alderdice, supra, is a correct one, but it is contended that such rule is not in accord with later decisions in the Court of Appeals, and especially with that of People v. Corbalis, 178 N. Y. 516, 71 N. E. 106. The indictment under consideration in that case was for pool selling, and it was held bad because it did not state in what manner it was claimed the defendant had committed any of the several acts constituting the crime of selling, or aiding and abetting the selling of pools. No new rule with respect to the form of indictments was enunciated by that decision. Under the common law, it was a cardinal principle of criminal pleading that the act or acts constituting

the crime should be set forth in the indictment, and section 275 of the Criminal Code now commands that it shall be done. All that was decided in the Corbalis Case, and all that was attempted to be decided, was that under the peculiar reading of the statute against pool selling it was necessary to set forth in the indictment what act the defendant did that brought him within the inhibition of the statute. The indictment was held defective in that in attempting to state the act the pleader simply repeated the language of the statute prescribing the crime.

The verb "forge" in law has a clearly defined meaning. Except for certain acts recently grafted upon the law of forgery, where intent to injure forms no part of the crime, of which People v. Abeel, 182 N. Y. 415, 75 N. E. 307, 1 L. R. A. (N. S.) 730, is an illustration, it means the making of a false instrument with intent to defraud. The act constituting the crime in the present case is the forging of the deed set forth in the indictment, the making of the false instrument with intent to defraud. The act constituting the crime is therefore clearly charged by simply saying that the defendant forged the deed set forth with intent to defraud, and it was unnecessary to state how such forgery was committed, whether by pen or pencil or printing or by falsely making or counterfeiting any of the various signatures, or altering, or erasing, or obliterating, or piecing together parts of genuine instruments.

That the Court of Appeals by its decision in the Corbalis Case made no new rule with respect to the necessary allegation of indictments, and did not change the long-established rule with respect to charging the crime of forgery, is manifest from the fact that in People v. Dolan, 186 N. Y. 4, 78 N. E. 569, 116 Am. St. Rep. 521, it held a conviction proper where the charge was simply the "forging" and "felonious uttering" of the instrument which was set forth. If there had been any such intention, the court naturally would have referred to its recent decisions of People v. Weaver, 177 N. Y. 434, 69 N. E. 1094, and People v. Filkin, 176 N. Y. 548, 68 N. E. 1120, affirmed on opinion below, 83 App. Div. 589, 82 N. Y. Supp. 15, where the indictments were in the same form. All precedents and all authorities sustain the proposition that the particular manner in which the forgery is committed need not be stated in an indictment, but that the act constituting the crime is sufficiently pleaded by alleging that the instrument set forth was forged. Wharton's Precedents of Indictments and Pleas (3d Ed.) p. 297, gives as the form, "did wittingly and falsely make, forge, and counterfeit, and did wittingly assent to the falsely making, forging, and counterfeiting a certain bond and writing obligatory in the words, letters and figures; that is to say [quoting the instrument]." Joyce on Indictments, pp. 627–630, both inclusive, gives forms in which the only allegation is that the defendant, "with intent to defraud, feloniously did forge a certain instrument and writing," which is to be set forth. In Regina v. Robson, 9 Carr. & Payne, 421, an indictment was held good which stated that the defendant, with intent to defraud, "feloniously did forge a certain request. for the delivery of goods," which writing was set forth in full. To the same effect are People v. Badgley, 16 Wend. 53, Miller v. People, 52 N. Y. 304, 11 Am. Rep.

706, People v. Herzog, 47 Misc. Rep. 50, 93 N. Y. Supp. 357, and Evans v. State (Ark.) 127 S. W. 743.

Where property rights may be effected, intent to defraud is a necessary element of the crime of forgery, but it is unnecessary to allege the details by which the intent to defraud is to be established. Paige v. People, supra; People v. Stearns, 21 Wend. 409; Noakes v. People, 25 N. Y. 381; West v. State, 22 N. J. Law, 212. Nor is it necessary to plead how one aided and abetted in the commission of a crime (People v. Seldner, 62 App. Div. 357, 71 N. Y. Supp. 35); or in what manner one attempted to commit a crime (People v. Bush, 4 Hill, 133); or by what means one broke and entered in committing a burglary (People v. Farrell, 8 N. Y. Supp. 230).[1]

In People v. Van Alstine, 57 Mich. 69, 23 N. W. 594, the opinion states:

"It was said in People v. Marion, 28 Mich. 255, that it is proper to set out in at least one count of the information, with particularity, in what the forgery consisted; but the public prosecutor is not obliged to do so, and, when he does, it is done ex mera gratia to the accused."

The essential elements of the crime of forgery have not been changed either by the Penal Code or the penal law. Criminal pleading has not become more complicated, but is less rigorous than it formerly was, and the older decisions to which we have alluded are therefore applicable to the law as it now exists. We have reviewed the authorities with particularity and at some pains because of the doubt which might be cast upon the rule of pleading in a case of forgery, which may be committed in various ways, by the decision in the Corbalis Case, and because of the plausibility of the argument that a man indicted for forgery can better defend himself if the particular manner in which he has committed the forgery be set forth in the indictment.

[2] Our conclusion from the authorities is that an allegation that an accused feloniously forged an instrument prohibited by the statute with intent to defraud is a sufficient allegation of the act constituting the crime. The present indictment set forth that the defendant forged a deed, and the law specifies that the forging of a deed as an entirety shall constitute the crime of forgery in the first degree.

[3] The rule deducible from People v. Stearns, supra, People v. Clements, supra, Rosekrans v. People, supra, and kindred cases, is that where the instrument is set forth in full in the indictment, and comes as an entirety within the statute of forgery, and appears upon its face to be an instrument which if genuine would be operative, it is unnecessary to allege what particular thing the defendant did to accomplish the completed forgery. Where, however, the instrument set forth in the indictment and on which the forgery is predicated does not upon its face appear to be an instrument which if genuine would be operative, extrinsic facts must be alleged showing how it would be operative, or the indictment will be defective in failing to show facts constituting a crime. People v. Drayton, 168 N. Y. 10, 60 N. E. 1048.

[4] The second count of the indictment is also sufficient. It was

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 54 Hun, 638.

not necessary to set forth the name of the person to whom the forged instrument was uttered. Intent to defraud is a necessary element of the crime of uttering a forged instrument, and such an intent is specifically alleged. Subdivision 5 of section 718 of the Penal Code and section 3 of the Penal Law (Consol. Laws 1909, c. 40) both prescribe that where an intent to defraud constitutes a part of a crime it is not necessary to aver or prove an intent to defraud any particular person. This provision of the law made it unnecessary to allege the name of the person intended to be defrauded or to whom the instrument was sought to be uttered.

Our conclusion is that the demurrer to the indictment was improperly sustained, and that the judgment appealed from should be reversed and the demurrer overruled, and the defendant required to plead. All concur.