## PEOPLE v. VALENTINE.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. COURTS (§ 62*)—TERMS—TIME AND PLACE—VALIDITY OF STATUTE.
    Code Civ. Proc. § 234, by which the time and place of an extraordinary Trial Term was designated without action on the part of the Appellate Division, was not unconstitutional.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 62.*]

2. FORGERY (§ 26*)—INDICTMENT—SUFFICIENCY.
    Pen. Code, § 95, provides that a person who knowingly procures or offers any false or forged instrument to be filed or recorded in any public office, which instrument might be filed or recorded under any law of this state or of the United States, is guilty of felony. Section 521 provides that a person who, knowing the same to be forged or altered, and with

intent to defraud, utters, offers, disposes of, or puts off as true a forged deed, the false making, forging, or offering of which is punishable as forgery, is guilty of forgery in the same degree as if he had forged the same. *Held*, that an indictment charging defendant with "the crime of uttering, offering, disposing of, and putting off as true a certain forged, altered, and fraudulent deed" was not to be considered as based on section 95.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. § 61; Dec. Dig. § 26.*]

3. INDICTMENT AND INFORMATION (§ 196*)—WAIVER OF DEFECTS—FAILURE TO DEMUR.

If the indictment was defective so far as the name in the charging part was concerned, it having stated facts constituting a crime under Pen. Code, § 521, which facts were established by the evidence, the defect was waived by failure to demur, under Code Cr. Proc. §§ 323, 331.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 628–635; Dec. Dig. § 196.*]

4. FORGERY (§ 29*)—INDICTMENT—SUFFICIENCY.

It is unnecessary, in an indictment for uttering a forged instrument, to set forth either the particular manner in which it was forged or the manner in which it was uttered.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 77–81; Dec. Dig. § 29.*]

5. FORGERY (§ 44*)—KNOWLEDGE—EVIDENCE.

Defendant, who offered for record a forged deed on which his name appeared as witness, could not disclaim knowledge of the forgery, where both when he offered the deed for record and later in a civil suit he swore he was present and saw the deed signed by the grantor.

[Ed. Note.—For other cases, see Forgery, Dec. Dig. § 44.*]

6. CRIMINAL LAW (§ 721*)—ARGUMENT OF COUNSEL—REFERENCE TO DEFENDANT'S FAILURE TO TESTIFY.

Where defendant offered a forged deed for record, and later in a civil suit testified to having been present at the execution of the deed, the prosecuting attorney, in referring, as he had a right to do, to said testimony, and saying that "I will call him as a witness myself against himself," did not violate Code Cr. Proc. § 393, declaring defendant's failure to testify does not create a presumption against him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1672; Dec. Dig. § 721.*]

7. CRIMINAL LAW .(§ 730*)—ARGUMENT OF COUNSEL—REFERENCE TO DEFENDANT'S FAILURE TO TESTIFY—CURE.

Where defendant offered a forged deed for record, and later in a civil suit testified to its validity, prosecuting counsel's reference to such testimony as given "when defendant was not afraid to testify and submit himself to cross-examination," though highly improper, was cured by the court's instruction that "no presumption is to be found or raised against the defendant by reason of the fact that he has omitted to take the stand as a witness. Our law now provides that a defendant on a criminal charge may be a witness in his own behalf, but that no presumption shall be taken against him because of his failure to * * * testify," without request by defendant for further instruction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. § 730.*]

Appeal from Trial Term, Nassau County.

Benjamin E. Valentine was convicted of forgery, and appeals. Affirmed.

See, also, 130 N. Y. Supp. 1125.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

William C. Beecher, for appellant.

Howard S. Gans, for respondent.

PER CURIAM. On June 27, 1900, defendant caused to be recorded in the office of the clerk of Nassau county a paper which was in form a deed, and purported to convey property situated at Cedarhurst, in that county, and also in Placer county, in the state of California. This paper bore date May 25, 1893. Marie A. Valentine was the grantor, and Elizabeth H. Valentine was the grantee, named therein. The former was the wife of defendant, and died in August, 1899. The latter was his mother, and died in October, 1905. The body of the deed is in defendant's handwriting. The jury have found, upon evidence quite conclusive in its character, that the signature of Marie A. Valentine to said instrument was a forgery. It only remains for us to consider objections raised by the appellant which do not go to the merits of the controversy.

[1] 1. It is contended that the extraordinary Trial Term at which defendant was convicted was unlawfully constituted, because the place and time of this extraordinary term were designated by the Governor, without action on the part of the Appellate Division. At the time of such designation there was statutory authority therefor. Code of Civil Procedure, § 234. Such statute was not unconstitutional. People v. Young, 18 App. Div. 162, 45 N. Y. Supp. 772; People v. Gillette, 191 N. Y. 107, 83 N. E. 680; People v. Neff, 191 N. Y. 210, 83 N. E. 970.

[2] 2. The sufficiency of the indictment is challenged, first, because it does not charge a crime; and, second, because it does not state facts sufficient to constitute a crime. An indictment must contain (1) the title of the action, specifying the name of the court to which the indictment is presented and the names of the parties; (2) a plain and concise statement of the act constituting the crime, without unnecessary repetition. Code Cr. Proc. § 275. The succeeding section, which prescribes the substantial form of an indictment, contains an accusatory clause naming the crime with which defendant is charged, followed by a specification of the acts constituting the same. Id. 276. This indictment accuses—

"Benjamin E. Valentine, late of the town of Hempstead, Nassau county, state of New York, of the crime of uttering, offering, disposing of, and putting off as true a certain forged, altered, and fraudulent deed."

When this indictment was found, the statute provided that:

"A person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state or of the United States, is guilty of felony." Pen. Code, § 95.

And also:

"A person who, knowing the same to be forged or altered, and with intent to defraud, utters, offers, disposes of or puts off as true, * * * a forged

deed, * * * the false making, forging, or offering of which is punishable as forgery, is guilty of forgery in the same degree as if he had forged the same." Id. § 521.

"A person is guilty of forgery in the first degree who with intent to defraud, forges, (1) * * * a deed or other instrument, being or purporting to be the act of another, by which any right or interest in property is or purports to be transferred, conveyed, or in any way charged or affected." Id. § 509.

"The expressions 'forge,' 'forged' and 'forging,' as used in this chapter, include false making, counterfeiting and the alteration, erasure, or obliteration of a genuine instrument, in whole or in part, the false making or counterfeiting of the signature, of a party or witness, and the placing or connecting together with intent to defraud different parts of several genuine instruments." Id. § 520.

Appellant contends that the indictment charges an offense under the section first above cited, that the charging clause does not include in the description of the crime that it was knowingly committed, and that therefore it does not charge the crime of offering a forged instrument to be recorded. If the indictment were based upon that section of the Penal Code, it is not certain that this criticism would be fatal; but we are of the opinion that such is not the case.

[3] If the charging clause had used the word "forgery" in describing the crime, we think that it would have been sufficient to describe that crime referred to as forgery in section 521 of the Penal Code. But if the facts which are stated as constituting the crime show it to be one committed through violation of the provisions of the latter section, mere misnomer in the charging clause would not require the reversal of a conviction for the offense actually described. People v. Sullivan, 4 N. Y. Cr. R. 193. But if the indictment were defective, so far as the name in the charging clause is concerned, if the facts stated therein constituted a crime under the latter section, this defect was waived by a failure to demur. Code Crim. Proc. §§ 323, 331; People v. Carr, 3 N. Y. Cr. R. 578. The indictment sufficiently states facts constituting a crime under section 521 of the Penal Code, and the evidence establishes it. Putting a forged deed on record is uttering it, within the meaning of the statute. Paige v. People, 6 Parker, Cr. R. 683.

[4] It is unnecessary, in an indictment for uttering a forged instrument, to set forth either the particular manner in which it was forged or the manner in which it was uttered. People v. Alderdice, 120 App. Div. 368, 105 N. Y. Supp. 395.

[5] If the signature in question was in fact a forgery, which we think the evidence conclusively establishes, defendant's guilty knowledge and intent are also conclusively established. He could not claim that, although forged, he was himself deceived as to the genuineness of the signature, and in good faith put the deed on record. Not only does his name appear as the subscribing witness thereto, but, both at the time when he offered the deed for record and when examined as a witness in a civil action brought involving the title to the Cedarhurst property, he swore that he was present and saw Marie A. Valentine execute said deed.

[6] 3. Defendant contends that his trial was unfairly conducted by reason of certain remarks made by the prosecuting counsel in his sum-

ming up, which might be construed as criticisms upon defendant's failure to take the stand in his own behalf.

"The defendant in all cases may testify as a witness in his own behalf, but his neglect or refusal to testify does not create any presumption against him." Code of Criminal Procedure, § 393.

Quite aptly the Court of Appeals has said:

"The law, so far as it can, protects a defendant, who omits to be sworn from having that fact weigh against him." People v. Tice, 131 N. Y. 651, 656, 30 N. E. 494, 15 L. R. A. 669.

This court has said:

"This statutory declaration is not in accord with experience; but its practical meaning is that the court and jury must, so far as they can, determine his case without prejudice or inference against him, founded upon his omission to testify." People v. Rose, 52 Hun, 33, 39, 4 N. Y. Supp. 787.

Because of this danger of prejudice, a prosecuting officer should exercise scrupulous care not to arouse the same by commenting upon such failure. Upon two of the four occasions when objection was made that indirectly attention was being called in the summing up of counsel to defendant's failure to testify, we think that the remarks might be fairly attributed as well to failure to call witnesses other than the defendant to testify as to the facts then being considered, as to his own omission to take the stand. Upon the third occasion, counsel, referring, as he had a right to do, to statements made by defendant under oath in the civil action above referred to, and which statements had been proved upon the trial of this action, and which statements counsel claimed were inconsistent with the contention made in defendant's behalf upon this trial, used the expression:

"I will call him as a witness myself, against himself."

We think that this was a proper reference to the inconsistencies, if such existed, between the testimony offered through other witnesses in his behalf on this trial and his statements made upon that occasion, and that it could not fairly be said that reference was made to his omission to testify on this occasion.

[7] Once again, in his summing up, the prosecuting attorney, again referring to the testimony given by the defendant in the civil action, in connection therewith used the phrase:

"When the defendant wasn't afraid to testify and submit himself to cross-examination."

We do not hesitate to say that this remark was highly improper, and if there was any reason to suppose that defendant was actually prejudiced thereby it might be necessary to reverse this judgment of conviction and order a new trial. But the learned court in its charge instructed the jury in express terms that:

"No presumption is to be found or raised against the defendant by reason of the fact that he has omitted to take the stand as a witness. Our law now provides that a defendant on a criminal charge may be a witness in his own behalf, but that no presumption shall be taken against him because of his failure to take the witness chair and testify."

131 N.Y.S.—47

Defendant seems to have been completely satisfied with this clear and explicit statement of the law upon the subject, since he requested no other or further instruction to the jury upon that point. This has been held to be sufficient to cure any error committed, either by the prosecuting officer or the court itself in referring to defendant's failure to testify. Ruloff v. People, 45 N. Y. 213; People v. Hoch, 150 N. Y. 291, 44 N. E. 976. Particularly when the proof of guilt is so clear and convincing as it is in this case, the court may feel assured that no injury resulted from the indiscreet statements above referred to.

Several exceptions were taken in the course of the trial to rulings of the court upon questions of evidence. Each of them has been carefully examined, but none of them is of sufficient importance to merit or require discussion.

The judgment of conviction in this case should be affirmed.